JOHN MALONEY, Appellee, v. T. C. PHILLIPS, Appellant.

**Husband and Wife:** ALIENATION OF WIFE'S AFFECTIONS. In an action for damages for alienating the affections of the wife it must not only appear that acts and conduct designed and intended to effect the same were used, but that the result was actually accomplished by such means.

**Same:** EVIDENCE: Evidence considered and found insufficient to show either conduct on part of defendant designed to effect the alienation of wife's affections, or that same was accomplished by him.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

TUESDAY, OCTOBER 7, 1902.

ACTION by plaintiff to recover damages for the alleged alienation of the affections of his wife by defendant. There was a trial to a jury and verdict and judgment for plaintiff. The defendant appeals.—*Reversed.*

*I. D. & R. G. Howard* and *Owen Lovejoy* for appellant.

*Gallaher & Graham* for appellee.

BISHOP, J.—One ground of the motion made in the court below for new trial was that the verdict was not warranted by the evidence in the case. The refusal of the court to set aside the verdict for such reason is assigned as error, and forms the basis for the principal contention of appellant in this court.

We have fully and carefully gone over the record, and therefrom we gather the substantial facts to be as follows: For some time appellee, with his family, consisting of his wife and two children, resided as tenant on a small farm in Greene county, owned by appellant, and adjoining the farm on which appellant himself resided with his family. The wife of appellant was an invalid, and while the Maloneys lived on the small farm Mrs. Maloney frequently went over to the Phillips home, and assisted in doing the household work. It appears that the appellee made objection to this to his wife, but said nothing upon the subject to appellant. Mrs. Maloney claims she was paid for her services. Later on Mrs. Phillips died, and shortly thereafter appellee and his family moved over to the Phillips home. Concerning this, appellee in his testimony says, "We moved over to Phillips' large house for the reason that Phillips was living there, and my wife said better move over there, and she would do the cooking for my board. Defendant said to get ready to move." The further acts and conduct on the part of appellant, relied upon to make out a case against him, were that he was frequently at the house after appellee had gone to the field to work; that, quoting from the testimony of appellee, "he was quite good to her around the house; helped brush down

*1. HUSBAND and wife: alienation of wife's affection: evidence.*

cobwebs, carried in wood," etc.   It also appears that upon several occasions Mrs. Maloney rode to and from Jefferson in a buggy with appellant; the avowed purpose in making such trips was to do trading and none other appears.   On one occasion Mrs. Maloney, having gone to the town of Scranton with a horse and buggy belonging to appellant, and having there learned that one George Maloney and his wife were going to a fair at Carroll, accompanied them on the train, and remained in their company during the day.   Appellant had stock on exhibition at the fair, and, meeting the Maloneys, he returned on the train with them to Scranton, and then drove home in the buggy with the wife of appellee, arriving there about midnight.   No improper conduct between them is made to appear.   A few other incidents, inconsequential in themselves, are related in the evidence.   As between themselves, appellee and his wife often quarreled, both before they moved into the house with appellant and afterwards.   Appellee frequently indulged in profane and indecent language toward his wife, and on several occasions accused her of being too intimate with appellant.   It does not appear, however, that he ever said anything to appellant on the subject, and the evidence as a whole fails to show that any act of intimacy ever occurred; nor is there evidence from which the conclusion could be drawn that any undue or improper affection existed between Mrs. Maloney and appellant.   No proof is made that the relations existing between appellee and his wife were ever the subject of conversation between her and appellant.   The repeated quarrels of the Maloneys finally culminated in her leaving him, and the commencement by her of divorce proceedings.   For some time thereafter appellee continued to live at the Phillips home.

We have set out in the foregoing statement the substance of the evidence in the case.   In our opinion, it wholly fails to show that the affections of Mrs. Maloney

were alienated from her husband by reason of any intentional acts or conduct on the part of appellant. It surely would not do to say that, because it appears simply that he was kind and helpful to her, or because she rode to and from town with him in his buggy, or that other similar acts of kindness on his part occurred, he may be successfully accused therefrom of interference with the marital relation existing between herself and husband. To be made liable in an action of this kind, it must appear not only that acts and conduct designed and intended to effect alienation of affection were used, but that such result was actually accomplished by such means. The record before us is barren of any evidence sufficient to support such a contention in this case.

We reach the conclusion that the motion for new trial should have been sustained, and the judgment of the court below is accordingly REVERSED.